http://www.va.gov/vetapp16/Files5/1641953.txt

Citation Nr: 1641953 
Decision Date: 10/31/16 Archive Date: 11/08/16

DOCKET NO. 13-02 408 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida

THE ISSUES

1. Entitlement to service connection for posttraumatic stress disorder (PTSD).

2. Entitlement to service connection for diabetes mellitus.

3. Entitlement to service connection for a bilateral knee disability.

4. Entitlement to service connection for tinnitus.

5. Entitlement to service connection for a right ear hearing loss disability.

6. Entitlement to service connection for hepatitis C.

7. Entitlement to service connection for a right leg disability.

8. Entitlement to service connection for chronic fatigue manifested by joint pain.

9. Entitlement to service connection for headaches.

10. Entitlement to service connection for a disability manifested by a scarred lung.

11. Entitlement to a total rating based upon individual unemployability due to service-connected disabilities (TDIU).

ATTORNEY FOR THE BOARD

D. J. Drucker, Counsel

INTRODUCTION

The Veteran had other than honorable active service from November 1967 to September 1969 and honorable active service from June 1975 to October 1975. An unappealed February 2011 Administrative Decision determined that he was precluded from receiving VA benefits for his service from November 1967 to September 1969. Thus, his entitlement to VA benefits, including those presently on appeal, is based solely on his active military service from June to October 1975.

These matters initially came to the Board of Veterans' Appeals (Board) on appeal from a September 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.

The Veteran was represented by the Disabled American Veterans (DAV) in his appeal (4/28/10 VA 21-22 Appointment of Veterans Service Organization as Claimant's Representative). In March 2011, he revoked his power of attorney to the DAV (3/1/11 Email Correspondence) and did not appoint a new representative. The Board recognizes that he wishes to represent himself in his appeal, and considers the Veteran pursuing his appeal unrepresented.

In August 2013, the Board remanded the Veteran's case to the Agency of Original Jurisdiction (AOJ) to comply with his request to testify at a hearing before a Veterans Law Judge conducted by videoconference. He was scheduled for such a hearing in November 2013 but cancelled the hearing and did not request that it be rescheduled. The Board finds that all due process requirements were met regarding the Veteran's hearing request. 38 C.F.R. §§ 20.700, 20.702 (2015).

In a June 2015 decision, the Board denied the Veteran's claim for service connection for a right ankle disability and remanded his remaining service connection claims, and TDIU claim, to the AOJ for further development.

In June 2015, the Board noted that the issue of whether new and material evidence was received to reopen the claim of whether the Veteran's character of discharge from a period of service from November 1967 to September 1969 constitutes a bar for basic eligibility for VA benefits was raised by the record in a June 2013 statement (7/1/13 Correspondence). In July 2013, he presented a detailed statement in support of his contention that his first period of service should be a bar to VA benefits (6/11/15 Correspondence). The Board referred the matter to the AOJ for adjudication. There is no indication that the AOJ has yet considered this issue and it is, again, referred for appropriate action. 38 C.F.R. § 19.9(b) (2015). 

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.

REMAND

Hepatitis C

In July 2010, a VA physician-examiner diagnosed the Veteran with hepatitis C infection successfully treated in remission with no active infection. The examiner was unable to determine if the hepatitis C was related to his military service without mere speculation. 

In June 2015, the Board directed that the July 2010 VA examiner, or an examiner of appropriate knowledge and expertise, provide a clarifying opinion as to whether the Veteran's currently diagnosed hepatitis C was incurred in service. The examiner was requested to address any potential risk factors.

In December 2015, a nurse practitioner reviewed the Veteran's medical records, and stated that the Veteran's hepatitis C was resolved, "evidenced by negative viral load per record review". The examiner stated that a "medical opinion with regard to CURRENTLY diagnosed [h]epatitis C is not indicated. There is no evidence of [c]urrently diagnosed [h]epatitis C." As to his past hepatitis, the examiner was unable to resolve this issue without resort to mere speculation. The examiner's rationale was that the actual cause cannot be selected from the multiple causes noted during the July 2010 VA examination. The examiner commented that the Veteran's hepatitis C viral load was negative and his most recent liver function tests in 2014 were normal. 

A new opinion from a physician is needed as to whether the Veteran had a hepatitis C disability during the appeal period (any time since 2010) that is related to a disease or injury during active service. See McClain v. Nicholson, 21 Vet. App. 319, 321 (2007) (stating that the current disability requirement is satisfied when a claimant has a disability at the time a claim for VA disability compensation is filed or during the pendency of that claim, even if that disability resolves prior to adjudication of the claim).

Other Service Connection Claims

In June 2015, the Board directed that the Veteran be scheduled for VA examinations in conjunction with his service connection claims. On August 27, 2015, the AOJ sent a letter to the Veteran at his address of record requesting that he identify private medical providers for his claims on appeal (8/27/15 VBMS Correspondence). He did not respond to the letter.

The RO was notified that the Veteran failed to report for a VA audiology examination scheduled at the VA medical center (VAMC) in Orlando on December 22, 2015 because it was unable to contact him (3/9/16 CAPRI). 

On January 7, 2016, a RO member reported that one of the Veteran's phone numbers was disconnected and there was no answer at another number (1/7/16 VA 21-0820 Report of General Information (1st document). But, on the same day, the RO member reported contacting the Veteran who verified his new address and phone number and said that he did not receive VA's August 27, 2015 letter (1/7/16 VBMS VA 21-0820 Report of General Information (2nd document). The Veteran was advised that the letter would be resent. This does not appear to have been done. 

The March 2016 supplemental statement of the case (SSOC) indicates that the Veteran was notified of the examination scheduled at a nearby VA medical facility and advised to contact the facility if he was unable to keep the appointment. See March 9, 2016 SSOC at page 20. 

Given that the Veteran did not receive VA's August 27, 2015 letter, and in light of his January 2016 report of a new phone number and address, the Board cannot be assured he received proper notice of the scheduled December 2015 VA examinations. Thus, in the interest of due process, he should be scheduled for new examinations in conjunction with his service connection claims. The Veteran is advised that failure to report for any scheduled examination may result in the denial of his claims. 38 C.F.R. § 3.655 (2015).

Character of Discharge

In June 2015, the Board found the Veteran's service connection claims inextricably intertwined with his claim of whether the character of discharge of his first period of service should be a bar to VA benefits. The Board directed that the AOJ adjudicate the matter of whether new and material evidence was received to reopen the February 2011 Administrative Decision that found that the character of discharge from the Veteran's first period of active service, from November 1967 to September 1969, is a bar to VA benefits. This was not done.

Records

Recent VA medical records regarding the Veteran's treatment, including at the Jacksonville Outpatient Clinic (OPC), since September 2014, should be obtained.

TDIU

The Veteran's TDIU claim is inextricably intertwined with his service connection claims. Thus, the Board will defer consideration of his TDIU claim pending completion of the developed requested below.

Accordingly, the case is REMANDED for the following actions:

1. Obtain all VA medical records regarding the Veteran's VA treatment, including at the Jacksonville OPC, since September 2014. If any requested records cannot be obtained, the appellant must be notified of the attempts made and of what additional actions will be taken with regard to his claim.

2. Adjudicate the claim of whether new and material evidence was submitted to reopen the February 2011 Administrative Decision that found that the character of discharge from the Veteran's first period of military service, from November 1967 to September 1969, is a bar to VA benefits.

3. After completing the development requested above, refer the claims file to a VA physician-examiner, preferably, a gastroenterologist, for an addendum opinion as to whether the Veteran has had hepatitis C during the appeal period that is related in whole or part to a disease or injury in active service. A clinical examination should be scheduled if deemed warranted by the examiner. The examiner should review the claims file and a copy of this remand and address the following:

a. has the Veteran had hepatitis C at any time during the appeal period (any time since 2010)?

b. If so, is it at least as likely as not that any hepatitis C, diagnosed during the appeal period (any time since 2010), in whole or part, had its onset in service, or is related to a disease or injury in service? The examiner is particularly requested to address any potential risk factors.

c. If the examiner determines that the Veteran has had hepatitis C that was incurred during a period of active service, the examiner is requested to specify the exact period of service: from November 1967 to September 1969; or from June 1975 to October 1975.

d. The examiner should provide reasons for all opinions. 

e. The Veteran is competent to report symptoms and observable history. If the examiner rejects the Veteran's reports, the examiner should provide a reason for doing so.

f. The absence of evidence of treatment for hepatitis C symptoms in the Veteran's service treatment records cannot, standing alone, serve as the basis for a negative opinion.

g. If the examiner is unable to provide an opinion without resort to speculation, the examiner should explain whether this is due to the limits of medical knowledge in general, the limits of the examiner's medical knowledge, or there is additional evidence that would permit the needed opinion to be provided.

4. Schedule the Veteran for a VA examination to determine whether any current psychiatric disability, including PTSD, is related in whole or part to stressors or other disease or injury in service. A copy of the notice of the scheduled examination should be placed in the claims file. The claims folder, including this remand, should be considered in the completed examination report or addendum.

a. For each current psychiatric disability (present at any time since 2010), the examiner should opine as to whether it is at least as likely as not (50 percent probability or more) that any of the Veteran's current (present at any time since 2010) psychiatric disabilities, in whole or part, had their onset in service, are related to his reported in-service stressors, or are otherwise the result of a disease or injury in service. 

b. If the examiner finds that the Veteran meets the criteria for a diagnosis of PTSD, the examiner should specify the stressor(s) supporting the diagnosis. 

c. If the examiner determines that the Veteran's PTSD was incurred during a period of active service, the examiner should specify during what period of service: from November 1967 to September 1969, or from June to October 1975.

d. The examiner should provide reasons for this opinion. The examiner should discuss the Veteran's post service reports of symptoms. 

e. The Veteran is competent to report symptoms and observable history. 

f. The absence of evidence of treatment for psychiatric symptoms in the Veteran's service treatment records cannot, standing alone, serve as the basis for a negative opinion.

g. If the examiner is unable to provide an opinion without resort to speculation, the examiner should explain whether this is due to the limits of medical knowledge in general, the limits of the examiner's medical knowledge, or there is additional evidence that would permit the needed opinion to be provided.

5. Schedule the Veteran for appropriate VA examinations to determine if any (i) diabetes mellitus, (ii) tinnitus, (iii) right ear hearing loss disability, (iv) bilateral knee disability, (v) right leg disorder, (vi) chronic fatigue syndrome, (vii) headaches, or (viii) disability manifested by a scarred lung disability, is the result in whole or in part of disease or injury in service. A copy of the notice of the scheduled examinations should be placed in the claims file. The claims folder, including this remand, should be reviewed.

a. For each current (i) diabetes mellitus, (ii) tinnitus, (iii) right ear hearing loss, (iv) right leg disorder, (v) chronic fatigue syndrome, (vi) bilateral knee and (vii) headache disability, and (viii) disability manifested by a scarred lung, the examiner(s) should opine as to whether it is at least as likely as not (50 percent probability or more) that any of the Veteran's current (present at any time since 2010) diabetes mellitus, tinnitus, right ear hearing loss, right leg disorder, bilateral knee, chronic fatigue syndrome, and headache disabilities, or disability manifested by a scarred lung, in whole or part, had their onset in service, are related to his reported in-service accidents, or are otherwise the result of a disease or injury in service.

b. If the examiner(s) determine(s) that the Veteran has diabetes mellitus, tinnitus, right ear hearing loss, right leg disorder, bilateral knee, chronic fatigue syndrome, and headache disabilities, or disability manifested by a scarred lung, that was incurred during a period of active service, the examiner(s) should specify the period of service: November 1967 to September 1969 or June to October 1975.

c. The examiner(s) should provide reasons for this opinion. The examiner(s) should discuss the Veteran's post service reports of symptoms. 

d. The Veteran is competent to report symptoms and observable history.

e. The absence of evidence of treatment for diabetes mellitus, tinnitus, right ear hearing loss, right leg disorder, bilateral knee, chronic fatigue syndrome, and headache disabilities, or disability manifested by a scarred lung, symptoms in the Veteran's service treatment records cannot, standing alone, serve as the basis for a negative opinion.

f. If the examiner(s) is(are) unable to provide an opinion without resort to speculation, the examiner should explain whether this is due to the limits of medical knowledge in general, the limits of the examiner's medical knowledge, or there is additional evidence that would permit the needed opinion to be provided.

6. If any benefit on appeal remains denied, issue a SSOC. Then return the case to the Board, if in order.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
PAUL SORISIO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits. 38 C.F.R. § 20.1100(b) (2015).